NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No.: 04-558 (JLL) |
| MICHAEL GUIBILO, | : **OPINION** |
| Defendant. | : |

**LINARES, District Judge.**

Currently before the Court is the November 13, 2008 motion by Defendant Michael Guibilo ("Defendant" or "Guibilo") to correct or modify his appellate record, supplemented on December 12, 2008, January 7, 2009, and March 10, 2009. For the reasons given in this Opinion, this Court grants in part and denies in part Guibilo's motion.

**BACKGROUND**

Guibilo was arrested on March 8, 2004, while attempting to rob a bank in Millburn, New Jersey. The next day, March 9, 2004, a Complaint was filed against him, and Guibilo's initial appearance before Magistrate Judge Hedges occurred that same day. (Docket #1.) A series of orders to continue were subsequently filed, covering every day between March 24, 2004, and July 25, 2004. (Docket #4-7.) The initial indictment was filed against Guibilo on August 2, 2004. (Docket #8.) Guibilo was then arraigned on August 10, 2004, and a superceding indictment followed on November 15, 2004.

Following numerous continuance orders and pretrial motions, a jury trial was held in this

1

case from January 19, 2006, through February 10, 2006, resulting in a guilty verdict. Guibilo was sentenced by this Court on October 2, 2006, to 1080 months imprisonment. Subsequent to his sentencing, Guibilo filed a notice of appeal. (Docket # 76.) Guibilo then moved this Court for relief under the Speedy Trial Act and for disclosure of records related to his appeal; both motions were denied due to the limitations on this Court's jurisdiction during the pendency of Guibilo's appeal. (Order of Apr. 28, 2008; Order of Aug. 18, 2008.) On the instant motion, Guibilo seeks communications between himself, this Court, and his prior attorney Richard Roberts that he believes are relevant to his Speedy Trial Act arguments. (Def. Br. of Nov. 13, 2008 at 1-2; Def. Br. of Dec. 12, 2008 at 2-3; Def. Br. of Jan. 7, 2009 at 1-4; Def. Br. of Mar. 10, 2009 at 1-3.) He also seeks to correct statements in the trial record. (Def. Br. of Jan. 7, 2009 at 4.)

## DISCUSSION

A motion to supplement or correct to record on appeal is governed by Federal Rule of Appellate Procedure 10(e), which states:

> **(1)** If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> **(2)** If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> **(A)** on stipulation of the parties;
>
> **(B)** by the district court before or after the record has been forwarded; or
>
> **(C)** by the court of appeals.
>
> **(3)** All other questions as to the form and content of the record

must be presented to the court of appeals.

Fed. R. App. P. 10(e).  "Rule 10(e) provides a mechanism for ensuring that the record reflects accurately what transpired in the district court." Hatco Corp. v. W.R. Grace & Co.-Conn., 859 F. Supp. 769, 772 (D.N.J. 1994).  It does not, however, permit a district court to supplement the record with evidence outside of its proceedings.  Hatco Corp., 859 F. Supp. 772.

**A.     Communications Regarding Defendant's Counsel Richard Roberts**

Guibilo argues in his various papers that the continuances granted by this Court according to the representations of one his counsel, Richard Roberts, were fraudulent.  (Def. Br. of Nov. 13, 2008 at 2.)  Guibilo seeks to rely in his appeal on communications to the Court by himself and by Mr. Roberts, not presently in the record on appeal, in order to support this argument.  (Id.)  The Government, in opposition, argues that Guibilo should provide greater detail on the documents he seeks, but does not oppose this Court ordering Guibilo's original appellate counsel to supply documents to Guibilo.  (Gov't Opp. Br. of Nov. 18, 2008 at 3.)

This Court has previously denied Guibilo relief related to his appeal under Griggs v. Provident Consumer Discount Co., 495 U.S. 56, 58 (1982), because after his notice of appeal was filed, this Court was largely divested of jurisdiction regarding Guibilo's case.  In describing the application of this rule, the Third Circuit has noted that:

> [t]he rule is a judge-made, rather than a statutory, creation that is founded on prudential considerations. It is designed to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously. As a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy.

Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988).  Here, Guibilo seeks to obtain from this Court communications missing from the trial record, that the Third Circuit Court of

3

Appeals ordered that he receive from his prior appellate counsel in this case. (Gov't Opp. Br. of Dec. 17, 2008.) Guibilo has made his request in a reasonably specific manner; the correspondence he seeks appears to be relevant to the arguments he intends to make in his appeal; and the documents are not presently in the trial record. Fed. R. App. P. 10(e)(2)(B). Additionally, this Court is willing to accept that the correspondence sought by Guibilo was omitted by "error or accident" from the record. Fed. R. App. P. 10(e)(2). As this Court finds that the Roberts and Guibilo correspondence should be included in the record, and this Court is uniquely situated to correct the accidental omission of such correspondence from the trial record, it finds that this is an appropriate time to employ the judicial economy exception to Griggs and order that the correspondence he seeks be provided to Guibilo. Mary Ann Pensiero, 847 F.2d at 97.

Guibilo seeks to supplement the record with "[a]ll letters from Michael Guibilo to Judge Linares, All Letters between Richard Roberts and Jose Linares, District Judge, from March 2004, to 2005." (Def. Br. of Nov. 13, 2008 at 2.) This Court finds that it is appropriate to supply Guibilo with the responsive documents in this Court's files, and that the trial record will be supplemented with all of Guibilo's pretrial correspondence with this Court, and all communications between Richard Roberts and this Court.

**B.     Defendant's Request to Correct the Trial Record**

In his December 12, 2008 brief, Guibilo presented this Court with additional requests to correct the trial record under Federal Rule of Appellate Procedure 10(e). Guibilo seeks to have this Court "correct" several record entries:

1.     The purported perjury of S.A. Corrice during suppression motion, and an alleged misrepresentation by the prosecutor that all Jenks, Giglio, and Brady material had been

4

      exchanged. (Def. Br. of Dec. 12, 2008 at 5-6.)

2.     The failure of Guibilo's trial counsel to recall the last name of a witness, when the witness's name was contained in medical records stipulated to by the attorney in question. (Id. at 7-9.)

3.     The statement of Guibilo's trial counsel that he zealously represented Guibilo. (Id. at 10.)

The Government contends that these items in the record may not be corrected under Rule 10(e) because the corrections he requests amount to substantive arguments on appeal that relate to the substance of the record, and not whether the actual trial proceedings were accurately reflected in the transcripts. (Gov't Opp. Br. of Dec. 17, 2008 at 4.)

      This Court agrees with the Government. Guibilo does not contest that the transcripts of proceedings in this Court do not accurately reflect the proceedings, or that important items were omitted from the record on these three issues. Hatco Corp., 859 F. Supp. 772. Instead, Guibilo seeks to have this Court decide matters that are more properly the subject of an appeal. His argument concerning the suppression hearing is one seeking a finding that he was denied exculpatory evidence and that a government witness gave false testimony; these are legal conclusions, and this Court is not empowered under Rule 10(e) to make legal conclusions of perjury or evidentiary violations. "Rule 10(e) authorizes the district court to augment the record in two situations: (1) when the parties dispute whether the record truly discloses what occurred in the district court, or (2) when a material matter is omitted by error or accident." Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150, 1165 (3d Cir. 1986). Guibilo's arguments do not relate to either Fassett prong. Similarly, Guibilo's arguments about his trial counsel's holding back a witness and lying about his zealous representation are not requests to augment the

record, but pleas to draw legal conclusions favorable to Guibilo on issues beyond the scope of Rule 10(e). This Court, therefore, denies Guibilo's motion inasmuch as it requests any correction or striking of transcript statements.

## CONCLUSION

For the reasons set forth above and pursuant to the Order accompanying this Opinion, the motion by Defendant is granted in part and denied in part.


DATED: April 21, 2009                      /s/ Jose L. Linares
                                                                        United States District Judge